RECEIVED
IN CLERK'S OFFICE

NOV 2 3 2009

U.S. DISTRICT COURT
MID. DIST. TENN.

/media/floppy IN THE UNITED STATES DISTRICT COURT OF TENNESSEE
MIDDLE DIVISION, AT NASHVILLE

FILED

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN

NOV 2 3 2009

BY_____
DEPUTY CLERK

LUTHER HEATHCOAT, )
)
    Plaintiff, )
)
v. )
) Docket No. 1 09 0084
) Judge _____
TENNESSEE DEPARTMENT ) Claim Filed Under:
OF CORRECTION (TDOC); )
    AND ) AMERICANS WITH DISABILITIES
CORRECTION CORPORATION ) ACT (ADA)CLAIM
OF AMERICA (CCA; )
    Defendants. ) JURY DEMAND
These Defendants are being
sued as entities of the State
of Tennessee, under the
Americans with Disabilities
Act (ADA).


GEORGE LITTLE, Commissioner )
of the TDOC; ) Claim Filed Under:
CHERRY LINDAMOOD, Warden, ) 42 U.S.C.§ 1983
South Central Correctional )
Facility (SCCF); )
LAWRENCE (Geno)MAPLES, )
Classification Coordinator, )
CCA/SCCF, )
JESSE JAMES, ) JURY DEMAND
Inmate Counselor, )
    Defendants. )
These Defendants are being
sued in their individual
capacities, under color of
state law and 42 USC § 1983.

**PREVIOUS LAWSUITS:**

I.  A.   Have you are any of the other plaintiffs listed above filed any other lawsuits in United States District Court (Tennessee) and/or in any other state of federal court? <u>NO. Plaintiff has never filed any lawsuits in any state or federal court.</u>

II. PLACE OF CURRENT CONFINEMENT OF PLAINTIFF:

A.   <u>South Central Correctional Facility (SCCF)</u>
     <u>555 West Forrest Avenue</u>
     <u>Post Office Box 279</u>
     <u>Clifton, Tennessee 38425-0279</u>

B.   Are the facts of your lawsuit related to your confinement in your present prison or jail? <u>YES</u>.

C.   If your answer is NO to question B, List the name and address of the jail or prison to which the facts of your lawsuit relate.
     Not Applicable to this lawsuit.

D.   Do the facts of your lawsuit relate to your confinement in a Tennessee State prison?

     **YES**

E.   If your answer is YES to question D, did you present these facts to the prison authorities through the state grievance procedure?

     **NO. Job assignments or job assignment denial are non-grievable.**

III.    PARTIES TO THE LAWSUIT:

1. Name of Plaintiff:  Luther Heathcoat
   Prison ID Number of First Plaintiff: 00110570
   Address of first Plaintiff: South Central Correctional
Facility, 555 West Forrest Avenue, P.O. Box 279,
Clifton, Tennessee 38425-0279

   For each defendant, check whether your are naming the
defendant in his or her individual and/or official capacity.

DEFENDANT'S SUED UNDER AMERICANS WITH DISABILITIES ACT (ADA)

1. Name of First Defendant: TENNESSEE DEPARTMENT OF CORRECTION
   Place of Employment:      ENTITY OF THE STATE OF TENNESSEE
   Address of First Defendant: 320 Sixth Avenue North
                               Nashville,Tennessee 37243-0465
   Named in Official Capacity:      YES  X      NO ____
   Named in Individual Capacity:    YES ____    NO  X

2. Name of Second Defendant: CORRECTIONS CORPORATION OF AMERICA
   Place of Employment:      ENTITY OF THE STATE OF TENNESSEE
   Address of Second Defendant:
   Named in Official Capacity:      YES  X      NO ____
   Named in Individual Capacity:    YES ____    NO  X

DEFENDANT'S SUED UNDER 42 U.S.C. § 1983

1. Name of First Defendant:   GEORGE LITTLE
   Place of Employment:       COMMISSIONER (TDOC)
   Address of First Defendant: 320 Sixth Avenue North
                               Nashville,Tennessee 37243-0465
   Named in Official Capacity:      YES ____    NO  X
   Named in Individual Capacity:    YES  X      NO ____

2. Name of Second Defendant: CHERRY LINDAMOOD, WARDEN
   Place of Employment: SOUTH CENTRAL CORRECTIONAL FACILITY
   Address of Second Defendant: S.C.C.F., 555 West Forrest
                                Avenue, P.O. Box 279
                                Clifton, Tennessee 37425-0279
   Named in Official Capacity:      YES ____    NO  X
   Named in Individual Capacity:    YES  X      NO ____

* 3 *

3. Name of Third Defendant: LAWRENCE MAPLES, Class-Coordinator
   Place of Employment: SOUTH CENTRAL CORRECTIONAL FACILITY
   Address of Third Defendant: S.C.C.F., 555 West Forrest
   Avenue, P.O. Box 279
   Clifton, Tennessee 37425-0279

   Named in Official Capacity:    YES _____    NO __X__
   Named in Individual Capacity:  YES __X__    NO _____

4. Name of Fourth Defendant: JESSE JAMES, Inmate Counselor
   Place of Employment: SOUTH CENTRAL CORRECTIONAL FACILITY
   Address of Fourth Defendant: S.C.C.F., 555 West Forrest
   Avenue, P.O. Box 279
   Clifton, Tennessee 37425-0279

   Named in Official Capacity:    YES _____    NO __X__
   Named in Individual Capacity:  YES __X__    NO _____

* 4 *

## JURISDICTION

The Federal Court has jurisdiction over the instant case pursuant to 28 U.S.C. § 1331(a) which provides for federal court jurisdiction of "all civil actions under the Constitution, law, or treaties of the United States."

Section 504 of the Rehabilitation Act of 1973 (RA) evidenced Congress' recognition that disability discrimination is a federal civil rights issue, Congress placed disability discrimination firmly within the federal civil rights arena.

Title II of the Americans with Disabilities Act of 1990 (ADA) §§ 201(1)(B), 202, 42 U.S.C.A. §§ 12101, 12131(1)(B), 12132 plainly vests jurisdiction over this case into the federal court.

Plaintiff's claims against the State employee Defendants are brought in their individual capacities for violations under state law and pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, this federal court has jurisdiction, pursuant to 42 U.S.C. § 1983, over the Plaintiff's claims against the Defendants as state employees that have deprived him of his federally protected constitutional rights while acting under color of state law.

## IV. STATEMENT OF THE CLAIM:

ADA's Title II prohibiting a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability, covers inmates in state prisons, thus allowing state inmates to maintain an ADA claim based on his exclusion, for physical or health reasons, from prison annex program, the successful completion of which, among other things, would have helped him to adjust to society and to his earlier release. Americans with Disabilities Act of 1990, §§ 201(1)(B), 202, 42 U.S.A. §§ 12131(1)(B), 12132; 61 P.S. §1123. Pennsylvania Dept. of Corrections vs. Yeskey, 524 U.S. 206, 118 S.Ct. 1952 (U.S. Pa. 1998).

Plaintiff, Luther Heathcoat, (sic Hethcoat), (Hereinafter Hethcoat or Plaintiff), brings this lawsuit alleging that the TENNESSEE DEPARTMENT OF CORRECTION (TDOC) and the CORRECTIONS CORPORATION OF AMERICA (CCA)and several named employees of both the TDOC and CCA have taken intentional and knowing steps to both circumvent and defeat the mandatory language of Title I and Title II of the Americans with Disabilities Act of 1990 (ADA), 104 Stat. 337, 42 U.S.C. § 12131 **et seq.**, which prohibits a "public entity" from discriminating against a "qualified individual with a disability. 42 U.S.C. § 12132 covers inmates in state prisons. Pennsylvania Dept of Corrections vs. Yeskey, 524 U.S. 206, 118 S.Ct. 1952 (U.S. Pa. 1998)(**HELD**: State prisons fall squarely within Title II's statutory definition of "public entity," which includes "any . . . instrumentality of a State . . . or local government."

§ 12131(1)(B).

Plaintiff Hethcoat is suing the named individuals under the provisions of 42 U.S.C. § 1983 in their individual capacities because they have taken personal steps to violate Plaintiff's constitutionally protected federal rights against discrimination while these Defendants were acting under "color of state law."

Plaintiff Hethcoat contends that these claims and allegations are supported by the attached and referenced documentation. Plaintiff Hethcoat further contends that he has timely and properly advised the named Defendants of his physical disability; the discrimination forced upon him due to his disability; and that Plaintiff has advised the named and unnamed Defendants of the requirements of the mandatory language of the ADA and of the unlawful effect the Defendant's discrimination is having upon him. However, the Defendants could care less about Plaintiff Hethcoat and his constitutionally protected rights, as a qualified individual with a disability, under the ADA.

## ADA VIOLATIONS AND DISCRIMINATORY ACTS BY DEFENDANTS

On May 27, 1999, your Plaintiff, LUTHER HETHCOAT, was involved in a motor cycle accident that resulted in him sustaining broken bones in his lower left leg immediately above the ankle.

Doctors repaired Plaintiff's leg with a titanium rod approximately six inches (6") long; two (2) screws through the bottom of his foot and twelve (12) screws through the titanium rod to support the leg bone. Plaintiff was hospitalized five (5) days and then released. Within seven (7) months Plaintiff was back on the job working as a janitor at the Fort Sanders Hoapital.

## A.) CLAIM UNDER THE ADA 42 U.S.C. §§ 12101 et seq.

Plaintiff Hethcoat is sueing the **T.D.O.C.** and the **C.C.A** under provisions of Titles I and II of the Americans with Disabilities Act of 1990; and Section 504 of the Rehabilitation Act of 1973, as "Public Entities" of the State of Tennessee.

On February 13, 2007, Plaintiff was convicted by negotiated plea agreement and was sentenced to a term of four (4) years in the Tennessee Department of Correction (TDOC) as a Range II Offender with a 35% Release Eligibility Date (RED).

On April 17, Plaintiff was transferred to the Brushy Mountain State Prison (BMSP) in Petros, Tennessee.

On August 21, 2007, Plantiff arrived at the South Central Correctional Facility (SCCF) in Clifton, Tennessee. The SCCF is a state owned but privately operated prison facility. At the time Plaintiff arrived at SCCF he qualified for placement in the SCCF Annex. Placement in the annex would have benefited Plaintiff through a lower custody/security classification; better housing conditions; better meals; better treatment by CCA staff; safer environment (less gang activity which is rampant on the SCCF compound); better possibility of favorable consideration for parole; opportunity to work at a free world job or job assignment outside the prison context; opportunity to earn additional money to help when released from prison.

The above listed denials of specific benefits and programs are the subject of the instant lawsuits. The TDOC and the CCA have in place specific policies and procedures that work to violate Plaintiff's constitutional rights against discrimination. Heathcoat has attached as exhibits to this lawsuit certain documents that clearly demonstrate that the State entities and the individuals, sued in their individual capacities, were acting under "Color of State Law" when they knowingly violated Plaintiff's constitutional rights against discrimination due to his physical disability.

## FACTS OF THE CLAIM UNDER THE ADA

Plaintiff is entitled to relief under the ADA because the CCA as a for profit contractor and the TDOC acting in concert there with have denied him the right to receive benefits of the services and program offered by the TDOC as offered to other inmates. Because of his disability and medical condition the TDOC and CCA have imposed certain penalities upon the Plaintiff. Plaintiff has made two (2) request for placement at the compound annex and both times he has been denied because of his injury to his left leg and the pin placed therein.

Plaintiff has been denied the equal right to work at the better jobs offered to inmates housed in the annex;

Plaintiff has been denied the favorable treatment received by inmates in the compound annex;

Plaintiff has been denied the more favorable living conditions provided to inmates living in the annex;

Plaintiff has been denied the safer environment provided to inmates housed in the annex as compared to inmates living on the main compound due to the UNLIMITED "gang activity" that is prelevant and rampant on the CCA, South Central compound.

These discriminatory acts are all in violation of the ADA under 42 U.S.C. § 12132:

> "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity" 42.U.S.C.§12132.

## PUNATIVE AND COMPENSATORY RELIEF REQUESTED

Plaintiff seeks both Punative and Compensatory Relief in the form of monetary damages, from each Defendant, in the amount set forth below as a deterient to future acts of discrimination. Plaintiff is entitled to both compensatory and punitive relief because the instant case presents "intentional discrimination" on the part of the named Defendants.

42 U.S.C. § 1981(a)(2), provides for the amount of punative and compensatory damages. In this case both the Defendant T.D.O.C. and the Defendant C.C.A./S.C.C.F. have over 500 employees during the qualifying period. 42 U.S.C. § 1981(a)(2)(D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceeding calendar year, $300,000.

The above stated provision is applicable to the Plaintiff and the Defendants in this case. Therefore, Plaintiff seeks PUNATIVE DAMAGES IN THE AMOUNT OF ONE-HUNDRED FIFTY THOUSAND DOLLARS ($150,000), from the TENNESSEE DEPARTMENT OF CORRECTION (TDOC) as an entity of the State of Tennessee for the Acts of Discrimination imposed upon the Plaintiff;

Plaintiff seeks COMPENSATORY DAMAGES IN THE AMOUNT OF ONE-HUNDRED FIFTY THOUSAND DOLLARS ($150,000) from the TENNESSEE DEPART-MENT OF CORRECTIONS (TDOC); as an entity of the State of Tennessee for the Acts of Discrimination imposed upon the Plaintiff;

Plaintiff seeks <u>PUNATIVE DAMAGES IN THE AMOUNT OF ONE-HUNDRED</u> <u>FIFTY THOUSAND DOLLARS ($150,000)</u> from the <u>CORRECTIONS CORPORATION</u> <u>OF AMERICA (CCA)</u> as an entity of the State of Tennessee for the Acts of Discrimination imposed upon the Plaintiff.

Plaintiff seeks <u>COMPENSATORY DAMAGES IN THE AMOUNT OF ONE</u>– <u>HUNDRED FIFTY THOUSAND DOLLARS ($150,000)</u> from the <u>CORRECTION COR-</u> <u>PORATION OF AMERICA (CCA)</u> as an entity of the State of Tennessee for the Acts of Discrimination imposed upon the plaintiff.

## PUNATIVE AND COMPENSATORY RELIEF UNDER § 1983

Plaintiff seeks <u>PUNATIVE DAMAGES IN THE AMOUNT OF TWENTY-FIVE</u> <u>THOUSAND DOLLARS ($50,000)</u> for the acts of discrimination committed against the Plaintiff at the S.C.C.F. in Clifton, Tennessee, from <u>DEFENDANT GEORGE LITTLE</u>, Commissioner of the T.D.O.C. for the ADA violations presented to Mr. Little in the form of a letter (INMATE INFORMATION REQUEST FORM, attached as Exhibit _____ ).

Plaintiff seeks <u>COMPENSATORY DAMAGES IN THE AMOUNT OF TWENTY-</u> <u>FIVE THOUSAND DOLLARS ($50,000)</u> for the Acts of discrimination committed against the Plaintiff at the S.C.C.F. in Clifton, Tennessee from <u>DEFENDANT GEORGE LITTLE,</u> Commissioner of the T.D.O.C. for the Defendant's failure to take corrective steps to prevent the illegal Acts of Discrimination committed against the Plaintiff at the S.C.C.F., in Clifton, Tennessee while the CCA had a contract with the T.D.O.C. for the care and safety of the Plaintiff.

**FACTS OF THE CLAIMS UNDER 42 U.S.C. § 1983**

Plaintiff herein sets forth the individuals responsible for the discrimination against him due to his disability and lists the participation of each named individual being sued in their own individual capacity because these individuals have acted under "color of state law" while violating Plaintiff's federal rights to be free from discrimination and punishment by these individuals.

**Defendant GEORGE LITTLE,** Commissioner of the T.D.O.C. Commissioner George Little is being sued in his individual capacity under 42 U.S.C. § 1983 for his refusal to take the necessary actions to protect Plaintiff's rights to "Reasonable Accommodations" for his particular disability. (SEE ATTACHED INMATE INFORMATION REQUEST and ADDED PAGE). (See also, RESPONSE LETTER Dated December 16, 2008). (EXHIBITS _____ AND ___, Respectively).

These Exhibits clearly demonstrate that Commissioner George Little was made aware of the Plaintiff's physical condition and that the Department of Correction, over which he supervises was in direct violation of the ADA and your Plaintiff's constitutionally protected rights against discrimination due to his disability.

Commissioner Little took no steps to correct the violations that were clearly pointed out to him. Commissioner Little has had other complaints of violations of the ADA brought to his attention and can not plead that he was ignorant of the ADA violations.

## CHERRY LINDAMOOD, Warden of the S.C.C.F.

Warden Cherry Lindamood, is being sued in her individual capacity under 42 U.S.C. § 1983 for her intentional violations of the Plaintiff's constitutionally protected rights to be free from discrimination due to Plaintiff's disability.

Warden Cherry Lindamood has taken personal steps to discriminate against the Plaintiff due to his disability while at the same time treating other inmates with like or the same disability differently.

Plaintiff can safely assume that upon his arrival at S.C.C.F. Warden Lindamood knew or had a responsibility to know Plaintiff's disability and to have accepted him at S.C.C.F. under the condition of his disability.

Warden Lindamood has allowed other inmates with the same or like disability to be housed in the annex at S.C.C.F.. Why not the Plaintiff?

Warden Lindamood is aware of the fact that Plaintiff was told to have his medical status upgraded from Class B Medical with limitations; to Class A Medical without limitations.

Warden Lindamood is aware that the Plaintiff attempted to have the Class B Medical Status upgraded to a Class A Medical but was refused his request.

Plaintiff explained to the Care Givers that without the Class B medical status being lifted he (Plaintiff) could not move to the S.C.C.F Annex. The medical staff refused to remove the medical restriction and Plaintiff was again denied transfer to the annex.

Plaintiff seeks <u>punitive damages in the amount of Fifty-Thousand Dollars ($50,000)</u> from Warden CHERRY LINDAMOOD for the civil and constitutional violations of Plaintiff's rights and for her attitude toward the Plaintiff, and all inmates, under her care.

Plaintiff seeks <u>compensatory damages in the amount of Fifty-Thousand Dollars ($50,000))</u>, from Warden Cherry Lindamood for the civil and constitutional violations she has forced upon Plaintiff.

## LAWRENCE MAPLES, CLASSIFICATION COORDINATOR, C.C.A./S.C.C.F.

Classification Coordinator, Lawrence (Geno) Maples, is being

sued in his individual capacity under 42 U.S.C. § 1983 for his

intentional violations of the Plaintiff's constitutionally protected

right to be free from discrimination due to Plaintiff's disability.

Lawrence Maples has taken the personal steps to deny Plaintiff

the opportunity to participate in the programs and benefits of the

annex housing assignment. While Mr. Maples has specifically denied

Plaintiff the opportunity to particpate in the programs and benefits

offered to inmates who do not have a disability he (MAPLES) has

classified and transferred inmates with obivious disabilities to

the S.C.C.F. Annex.

Lawrence Maples is the only person who has the power to make

the classification determination and allow the plaintiff to benefit

from annex placement. However, Mr. Maples has specifically and in

writing denied Plaintiff to transfer to the more desired housing

assignement by stating that Plaintiff is "Class B And Has Severe

Restrictions. Annex is Working Annex And I/m Will Not Be Recommended

Due To Limitations. Geno"   (SEE Attached Exhibit _____).

Plaintiff seeks <u>PUNITIVE DAMAGES IN THE AMOUNT OF ONE-HUNDRED</u>

<u>THOUSAND DOLLARS ($100,000)</u> for his intentional and knowing civil

and constitutional of Plaintiff's rights.

Plaintiff seeks <u>COMPENSATORY DAMAGES IN THE AMOUNT OF ONE-HUNDRED</u>

<u>THOUSAND DOLLARS ($100,000)</u> for the intentional and knowing civil

and constitutional violations committed against the Plaintiff by

Mr. Lawrence (Geno) Maples.

## JESSE JAMES, INMATE COUNSELOR, CCA/SCCF

Inmate Counselor, Jesse James, is being sued in his individual capacity under 42 U.S.C. § 1983 for his intentional violations of the Plaintiff's constitutionally protected rights to be free from discrimination due to Plaintiff's disability.

Plaintiff has made several attempts to Jesse James to assist him toward getting reclassed and transferred from the very dangerous main compound to the annex at South Central Correctional Facility. Once Classification Coordinator, Lawrence Maples made the decision to deny Plaintiff a transfer to the annex Mr. James flatly refused to take the Plaintiff's case before the Unit Manager or the Warden.

Mr. James could have assisted Plaintiff by advising the proper personnel that he (Plaintiff) was capable of performing manual jobs and that denying him the opportunity to participate in the benefits of annex placement was a violation of the Americans with Disabilities Act (ADA). These facts were given to Mr. James by your Plaintiff but each time Mr. James simply stated that while that may be the case he (James) had no power or desire to present Plaintiff's case to the higher authorities of the institution and that he would not assist Plaintiff against the wishes of his supervisors.

Plaintiff seeks, from Mr. Jesse James, PUNITIVE DAMAGES IN THE AMOUNT OF TWENTY-FIVE THOUSAND DOLLARS ($25,000) for his refusal to assist Plaintiff in protecting Plaintiff's civil and constitutional rights under the ADA, and for acts of discrimination against Plaintiff.

Plaintiff seeks, from Mr. Jesse James, COMPENSATORY DAMAGES IN THE AMOUNT OF TWENTY-FIVE THOUSAND DOLLARS ($25,000) for his refusal to protect the Plaintiff's constitutional rights, and discrimination.

* 17 *

## RELIEF REQUESTED

Plaintiff, Luther Heathcoat, respectfully requests the relief set forth below as just compensation for the intentional and knowing acts of discrimination thrust upon him by the named Defendants.

## DECLARATORY RELIEF

Plaintiff requests Declaratory Relief against all the named Defendants to the effect that the Defendants have individually and collectively violated Plaintiff's rights to be free from discrimination due to his disability under the Americans with Disabilities Act of 1990 (ADA); Section 504 of the Rehabilitation Act of 1973 (RA) and 42 U.S.C § 1983.

Plaintiff seeks Declaratory Relief in the form of an ORDER directing the named Defendants to rescind the previous decisions to deny annex placement due to the Plaintiff's disability and to make the necessary arrangements to transfer the Plaintiff to the annex. Plaintiff seeks Declaratory Relief in the form of an ORDER stating that the T.D.O.C./C.C.A/S.C.C.F. have violated Plaintiff's rights as protected under the ADA.

## INJUNCTIVE RELIEF

Plaintiff requests Injunctive Relief against all the named Defendants in the form of a perpetual ORDER prohibiting the named Defendants and any other present or future employee of the T.D.O.C/ C.C.A/S.C.C.F. from committing discriminatory acts against the Plaintiff due to his disability. Plaintiff also seeks an anti-relation ORDER prohibiting any type of retaliation against the Plaintiff by any one associated with the State of Tennessee or the T.D.O.C as

## ENTITLEMENT TO RELIEF REQUESTED

Plaintiff, Luther Heathcoat, respectfully submits that he is entitled to the following relief due to the knowing and intentional discrimination against him and the purposeful violations of his civil and constitutional rights by the named Defendants.

Plaintiff contends that the continuing-violation theory, which dates the running of the charge-filing period from the **last occurrence of discrimination**, also applies in an action under the ADA.

> ". . . the Court finds that Bodiford has alleged a continuing violation under the ADA and Title VII in that there existed a systemic discriminatory policy at the ADCNR to refuse transfers to the Plaintiff due to his physical disability and his religion. Having found that there exists a continuing violation, the Court finds that Counts 1, 2, and 6 are not time barred."

Bodiford v. State of Ala., 854 F.Supp. 886 (M.D. Ala. 1994).

Plaintiff submits that in the instant case the T.D.O.C./S.C.C.F. has in place a procedure where Plaintiff is being discriminated against by the State employees and by the contractors for the State Department of Correction (TDOC).

The employees of the T.D.O.C/C.C.A./S.C.C.F. have utilized the procedure where Mr. Lawrence Maples can reduce the mandatory language and mandatory prohibitions of the ADA to the mere whim and discretion of both State Employees and Contract Employees.

Plaintiff submits that his constitutional rights have been contracted away in the name of profit for the T.D.O.C.. The last occurrence in this case will occur until Plaintiff is allowed to be transferred to the annex the same as individuals who do not suffer a disability.

## ACTUAL DAMAGES AND EQUITABLE RELIEF

**1.)** Plaintiff seeks relief in the form of reimbursement for the actual damages, for the monetary loss, and equitable relief for the loss of participation in the services, activities and programs offered by the T.D.O.C./C.C.A./S.C.C.F. and the state facilities where Plaintiff has been held during the punishment imposed by the named Defendants.

**2.)** Plaintiff seeks relief in that all costs associated with the bringing of this lawsuit be adjudged against the Defendants to include relief under the appointment of counsel with all attorney fees and per diem expenses be paid by the Defendants.

**3.)** Plaintiff seeks the appointment of counsel from the Office of the Federal Public Defender, or the Office of the Federal Prosecutor or from the private sector with all costs being adgucged against the Defendants.

**4.)** Plaintiff seeks the immediate termination of the present and existing contract between the State of Tennessee/Tennessee Department of Correction and the Corrections Corporation of America, due to the multitude of civil rights violations committed against the Plaintiff.

**5.)** Plaintiff seeks a permanent injunction prohibiting the State of Tennessee from any furute contracts with the Corrections Corporation of America (CCA) for the housing and maintenance of prisoners.

**6.)** Plaintiff seeks a permenent and perpetual order prohibiting the State of Tennessee and any entity of the State of Tennessee from contracting with a private prison corporation, for profit company, after the date of the filing of this lawsuit or January 1, 2010.

## ADDITIONAL RELIEF

Plaintiff seeks the appointment of counsel to protect his constitutional, procedural, substantive and statutory rights in the present complicated and complex litigation. Plaintiff is untrained and unable to proceed with the present lawsuit without the assistance and appointment of counsel to assist him in this very important case.

Plaintiff seeks any other relief to which this Court deems appropriate and to which the Plaintiff is entitled.

RESPECTFULLY SUBMITTED ON THIS THE *13TH* DAY OF **NOVEMBER, 2009.**

BY: *Luther Heathcoat*
Luther L. Heathcoat, #110570
S.C.C.F., P.O. Boc 279
555 West Forrest Avenue
Clifton, TN 38425-0279

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have forwarded the original of this lawsuit to the Clerk of the Federal Court and an exact copy to the SELECT OVERSIGHT COMMITTEE ON CORRECTIONS, Rachel Jackson Bldg., 8th Fl., Nashville, TN 37243,

on this the *13TH* day of **NOVEMBER, 2009.**

BY: *Luther Heathcoat*
Luther Heathcoat, #110570

* 21 *

*E-mail*

Suspend ☐

RCC, 4-22-08 E-MAIL

Create a Message   List Messages   **View Messages**   Maintain Nicknames   Maintain Grou...

| | | | | | | |
|---|---|---|---|---|---|---|
| Staff ID | **MAPLLA02** | Maples, Lawrence E. | | | Site | **SCCF** |
| Subject | **Heathcoat 110570** | | Date | **04/21/2008** | Time | **10:14** |
| Forwarded By | | | | | | |

Geno, Please Requesst A Psy On Above For Annex...
Joe
///
Joe, I/m Is Class B Medical And Has Severe Restric
Tions. Annex Is Working Annex And I/m Will Not Be
Recommended Due To Limitations
Geno



Enter

FastPath
Go



**CORRECTIONS CORPORATION OF AMERICA**
**South Central Correctional Center**

# MEMORANDUM

**TO:**     Luther Heathcoat # 110570

**FROM:**   Patsy Clark, Health Service Adm.

**DATE:**   10/01/2008

**SUBJECT:**         Re-Classification

You will need to sign up for an appointment to see the MD or FNP to do a reclassification.

# INMATE INFORMATION REQUEST

NAME  LUTHER HEATHCOAT              NUMBER  00110570

UNIT GEMINI (BB)    ROOM/BED# 129/a    DATE 10/15/2008

Reason For Request  I AM ONCE AGAIN ASKING THAT I BE TRANSFERRED TO
THE S.C.C.F. Annex or transferred to an annex at a T.D.O.C. facility.
IT HAS BEEN BROUGHT TO MY ATTENTION THAT THE ATTACHED DOCUMENTS SHOW
DISCRIMINATION AGAINST ME UNDER THE AMERICANS WITH DISABILITIES ACT
(ADA) DUE TO MY DISABILITY AND LACK OF REASONABLE ACCOMODATIONS.

## [ USE ADDITIONAL SHEETS IF NECESSSARY]

SEE ATTACHED PAGE

*Luther L. Heathcoat* #110570 (10-15-08)
Inmate's Signature

ROUTED TO:  UNIT            DEPT.
            MGR. _____  SUPV. _____

            IRC _____  COUNSELOR _____

COMMENTS _____
_____
_____

STAFF RESPONSE _____
_____
_____
_____
_____
_____

_____
STAFF SIGNATURE/DATE

cc:  Original-Unit Management File
     Department Supervisor
     Inmate Copy

CR-2779(Rev.8/08)        RDA-1100

INMATE INFORMATION REQUEST

(CONTINUATION)

I, Luther Heathcoat, #00110570, affirmatively state that I am a qualified individual with a disability, pin in left ankle; that I have a confirmed and documented medical history of this disability; that I brought this disability into the prison with me; that I have been denied the benefits of the programs and services offered to other inmates who do not have a disability.

The Americans with Disabilities Act (ADA) prohibits the very type of discrimination to which I am being subjected at this time

> "The discrimination requirement is satisfied if an entity acts with the specific intent to treat a qualified individual differently because of his disability or because a disability would require reasonable accommodation, but also if the entity puts in place policies or practices that are neutral on their face and intent yet, nonetheless, discriminate in effect against the disabled."

SEE, 42 U.S.C. § 12112 (b)(1), (2), (3), (6), (7).

I, Luther Heathcoat, #00110570, am a qualified individual as is clearly demonstrated by the E-Mail between Unit Manager, Mr. Joe Patterson and Classification Coordinator, Mr. Lawrence (Geno) Maples, dated April 21, 2008. (Copy Attached).

Further, I have gone so far as to request that I be taken off the CLASS B Medical Classification in order that I can receive the benefit of the services and programs offered to other inmates that do not suffer a documented disability. Removeal from the CLASS B Medical Status will not remove the pin from my leg but it might be sufficient to allow me to receive the benefits to which I am to receive under the anti-discrimination "reasonable accommodation" clause of the Americans with Disabilities Act.(Copy Attached, Dated October 2, 2008). SEE attached Federal Court Cover Page.

R.I.C. 12-19-08



STATE OF TENNESSEE
DEPARTMENT OF CORRECTION
5TH FLOOR RACHEL JACKSON BUILDING
320 SIXTH AVENUE NORTH
NASHVILLE, TENNESSEE 37243-0465

December 16, 2008

Mr. Luther Heathcoat #110570
South Central Correctional Facility
P.O. Box 279
Clifton, Tennessee 38425

Dear Mr. Heathcoat:

This will acknowledge your letter to the office of Commissioner George Little. I have been asked to respond.

Transfer decisions are made at the facility you are housed at and Commissioner Little does not handle those. With an inmate population nearing 20,000 he can't intervene in individual cases.

Please consult your counselor or the CCC of your facility with regard to such issues.

Sincerely,

Jim Brown, Correctional Classification Coordinator
jb

XC:    Commissioner's Correspondence Office (GL-08-1992)
       OSS File #110570