```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         COLUMBIA DIVISION
```

LUTHER HEATHCOAT,              )
                               )
        Plaintiff              )
                               )       No. 1:09-0084
v.                             )       Judge Trauger/Brown
                               )
TENNESSEE DEPARTMENT           )
OF CORRECTION, et al.,         )
                               )
        Defendant              )

**TO: THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

Inmate Danny Ray Meeks, proceeding *pro se* has moved the Court for leave to join this case as an intervener Plaintiff (Docket Entry 32). This motion has been opposed by some of the Defendants (Docket Entry 33). For the reasons stated below, the Magistrate Judge recommends that this motion be denied.

### Background

The Plaintiff Luther Heathcoat has filed a complaint in this case against the Tennessee Department of Corrections, C.C.A., and other individuals alleging that he has been improperly classified and denied transfers in violation of the Americans with Disability Act (ADA). Motions to dismiss in that case are pending.

Inmate Meeks alleges that he has been denied a transfer to a different correctional facility where he wishes to seek a position as a legal aid as retaliation for aiding Inmate Heathcoat in his ADA claim.

In their response the Defendants note that Inmate Meeks does not allege what qualifying disability he suffers from, if any (Docket Entry 33, p. 2). As the Magistrate Judge reads his motion, Inmate Meeks is not claiming any disability. He is claiming that he has been discriminated against because he assisted Inmate Heathcoat in his claims for disability. Thus, his reason for seeking to intervene is set forth at Docket Entry 32, page 3, where he cites 42 U.S.C. § 12203, which prohibits retaliation and coercion against an individual on account of his having aided or encouraged any other individual in any exercise or enjoyment of rights guaranteed under the ADA. The issue of whether Inmate Meeks has a disability or not is immaterial.

## Legal Discussion

The Magistrate Judge believes, however, that Inmate Meeks' petition suffers from a fundamental flaw. Nowhere in the affidavit does Inmate Meeks allege that he has filed an inmate grievance about this matter and exhausted the grievance process as required by the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997(e). The Magistrate Judge believes that this is fatal to Inmate Meeks' petition for leave to intervene.

The Magistrate Judge would note that the Plaintiff has sought to intervene pursuant to Fed. R. Civ. P. 20. The actual Rule that allows intervention is Rule 24. Under Rule 24(a) it does not appear that the Inmate Meeks meets any requirements for intervention as a matter of right.

It appears that Inmate Meeks intended to claim a right to a permissive intervention under Rule 24(b)(1)(B) in that he has a claim that shares with the main action common question of law or fact.

Even if Inmate Meeks met the grievance standard, the Magistrate Judge would not recommend that he be allowed to intervene in this matter. The Plaintiff Heathcoat's case will turn on the issue of whether or not he has a disability and whether his claim was filed within the applicable statutes of limitation. The Magistrate Judge is preparing a report and recommendation on the pending motion to dismiss his claim at present.

Inmate Meeks' petition involves an issue of retaliation which does not require an evaluation of whether Heathcoat has a disability or not and the alleged retaliation could have occurred at a time clearly within the statute of limitations. It appears to the Magistrate Judge that judicial economy would not be saved by allowing intervention by Inmate Meeks. His factual claims of retaliation are distinct from the claim of Heathcoat. His claim of retaliation could, under some facts, prevail even if Healthcoats' claim failed. If, in fact, Inmate Meeks has a claim that he has been retaliated against because of assisting Inmate Heathcoat, that claim is best resolved in separate litigation in which Meeks files his own lawsuit.

## Recommendation

For reasons stated above, the Magistrate Judge recommends that the motion for leave to intervene be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have 14 days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of April, 2010.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge