IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| LUTHER HEATHCOAT | )<br>)<br>) |
| Plaintiff. | )<br>)<br>) |
| v. | )<br>)<br>) |
| TENNESSEE DEPARTMENT OF CORRECTION; CORRECTION CORPORATION OF AMERICA; GEORGE LITTLE; CHERRY LINDAMOOD; LAWRENCE MAPLES; JESSE JAMES, | ) Case No. 1:09-cv-00084<br>) Judge Trauger/Brown<br>)<br>) **Jury Demand**<br>)<br>) |
| Defendants. | )<br>) |

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge is the Motion to Dismiss filed by Defendants Corrections Corporation of America ("CCA"), Cherry Lindamood, Jesse James, and Lawrence Maples ("Defendants"). (Docket Entry 19). The Magistrate Judge has also reviewed the accompanying memorandum (Docket Entry 20) and Plaintiff's Response (Docket Entry 25).

For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and all Plaintiff's claims against Defendants Corporation of America, Lindamood, James, and Maples be **DISMISSED**.

1

I.  INTRODUCTION

Plaintiff, a *pro se* prisoner as of the time of filing, filed this action on November 13, 2009,[1] alleging Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and under 42 U.S.C. § 1983.  Plaintiff seeks punitive and compensatory damages, as well as declaratory and injunctive relief.

II.  BACKGROUND

Plaintiff was convicted and sentenced to prison on February 13, 2007, and he was transferred to the South Central Correctional Facility ("SCCF") in Clifton, Tennessee, on August 21, 2007.  SCCF is run by Defendant CCA, and the individual Defendants (Lindamood, James, and Maples) are employees of CCA who work at SCCF.  Plaintiff was released from SCCF on November 14, 2009.  (Docket Entry 7).

On April 21, 2008, Plaintiff applied to Defendant Maples, the SCCF Classification Coordinator, for transfer to the SCCF Annex, which has a lower custody/security classification, the opportunity to work at a job outside the prison, the opportunity to earn additional money, and a better possibility of favorable consideration for parole, among other benefits.  Plaintiff also sought to escape the gang activity in the main compound.  Defendant Maples denied the application because Plaintiff was designated Class B Medical, with severe restrictions.  (Docket Entry 1, p. 22).  In 1999, Plaintiff had sustained broken bones in his lower left leg above the ankle, which resulted in a titanium rod and several screws being placed in his leg to repair and support the bone.

---

[1] As Defendants point out, Plaintiff's complaint is deemed filed on the date he delivered it to prison authorities to be filed with the Court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

On October 1, 2008, Patsy Clark, the SCCF Health Services Administrator, told Plaintiff he would need to see a doctor or nurse practitioner to seek reclassification. (Docket Entry 1, p. 23). Plaintiff again applied for transfer on October 15, 2008, claiming discrimination based on his disability. (Docket Entry 1, p. 24). It appears that Plaintiff sent this communication to Defendant Commissioner George Little. Defendant Little's office issued a letter to Plaintiff on December 16, 2008, noting that he could not intervene in individual transfer cases. (Docket Entry 1, p. 26).

Plaintiff alleges other inmates with similar disabilities were transferred to the annex. He further alleges Defendant James refused to take Plaintiff's case to the Unit Manager or to Defendant Lindamood, the Warden, and that Defendant James stated he had no power or desire to present Plaintiff's case to higher authorities.

Plaintiff filed this action on November 13, 2009. Defendants CCA, Lindamood, Maples, and James moved to dismiss the claims against them on January 22, 2010. (Docket Entry 19). Plaintiff filed his Response on February 22, 2010. (Docket Entry 25). This matter was referred to the Magistrate Judge for Report and Recommendation on all dispositive motions on December 3, 2009. (Docket Entry 3).

### III. LEGAL DISCUSSION

**A. Standard of Review for a Motion to Dismiss**

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson*

3

*v. Pardus*, 550 U.S. 89 (2007).  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions."  *Id.  See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level."  *Twombly*, 550 U.S. at 555-56.

### B. Analysis

Defendants argue that Plaintiff's claims under the ADA and section 1983 are barred by the statute of limitations.  The appropriate statutes of limitations for section 1983 and ADA actions are determined by state law.  *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."); *Miller v. City of Knoxville*, 2006 WL 2506229, *3 (E.D. Tenn. Aug. 29, 2006).  In Tennessee, the statute of limitations for both actions is one year, the same as that for personal injury and civil rights actions.  Tenn. Code Ann. § 28-3-104(a)(3).  *See also Griffin v. Eidson*, 22 F.App'x 393, 395 (6th Cir. 2001); *Miller*, 2006 WL 2506229 at *3.  The one-year

4

statute of limitations begins to run when the cause of action accrues; *i.e.*, when Plaintiff was discriminated against for his disability or when his civil rights were violated. *See Griffin*, 22 F.App'x at 395 ("A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action.").

Plaintiff's Complaint contains few facts, but he does allege that he applied to SCCF officials for transfer twice, on April 21, 2008 and on October 15, 2008.[2] (Docket Entry 1, pp. 22-24). Neither date is less than one year before his filing date, November 13, 2009. Plaintiff seeks to cure this by arguing there was a continuing violation for the entirety of his time at SCCF, which would toll the statute of limitations.

A continuing violation may be found where there is "a longstanding and demonstrable policy of discrimination" against the class of which Plaintiff is a member. *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003). This doctrine "is inherently designed to address systemic, policy-based discrimination or injury." *Cuco v. Fed. Med. Ctr. - Lexington*, 2006 WL 1635668, *30 n. 12 (E.D. Ky. June 9, 2006). Plaintiff does not allege a widespread discriminatory policy against disabled prisoners at SCCF. Therefore, he cannot toll the statute of limitations, and his claims are untimely and should be dismissed.[3]

---

[2] It appears the October 15 communication was sent to Defendant Little, not an SCCF employee. There is no allegation Defendants at SCCF denied this request. Moreover, Plaintiff's letter clearly indicates he believed he was being discriminated against based on his disability. He therefore knew of the alleged injury that is the basis for his complaint as of October 15, 2008.

[3] The Magistrate Judge believes Plaintiff's claims against Defendants Lindamood, Maples, and James for violations of the ADA in their individual capacities should also be dismissed for failure to state a claim. *See* 42 U.S.C. § 12131(1); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (noting that the ADA does not impose liability on individuals).

While not necessary because Plaintiff's claims are untimely, the Magistrate Judge further believes that Plaintiff's section 1983 due process claim should also be dismissed because Plaintiff has not alleged that the denial of his transfer to the annex would "impose[] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff clearly would have benefitted from placement in the annex, but he has not alleged that his treatment in the main compound was so "atypical" as to give rise to due process protection.

Because Plaintiff was discharged from SCCF on November 14, 2009, the Magistrate Judge believes his request for an injunction is moot. Plaintiff clearly has no need at this time for an injunction prohibiting Defendants from discriminating or retaliating against him, and the Magistrate Judge fervently hopes Plaintiff will have no need for this relief in the future.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and all Plaintiff's claims against Defendants CCA, Lindamood, James, and Maples be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver

of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

>Entered this 8th day of April, 2010.
>
>/S/ Joe B. Brown
>_____
>JOE B. BROWN
>United States Magistrate Judge